FILED
CLERK
11:06 am, Feb 02, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

For Online Publication Only

KASHEEM LATHAM, #2019120050,

                    Plaintiff,

        -against-

JAMES DZURENDA, Nassau County Sheriff;

                   Defendant.
----------------------------------------------------------------X

**ORDER**
21-CV-06090 (JMA)(ST)

**AZRACK, District Judge:**

      On November 11, 2021, pro se plaintiff Kasheem Latham ("Plaintiff") filed a complaint while incarcerated at the Nassau County Correctional Center (the "Jail") against Nassau County Sheriff James Dzurenda (the "Sheriff") pursuant to 42 U.S.C. § 1983 ("Section 1983") purporting to allege a deprivation of his constitutional rights. (See Complaint, ECF No. 1.)  However, Plaintiff did not remit the filing fee, nor did he file an application to proceed in forma pauperis ("IFP") at the time he filed the complaint. Accordingly, by Notice of Deficiency dated October 5, 2021, Plaintiff was instructed to either remit the fee or to complete and return the enclosed application to proceed IFP and Prisoner Litigation Authorization form ("PLRA"). (ECF No. 2.) On November 18, 2021, Plaintiff timely filed an IFP application and PLRA. (ECF No. 6-7.)

      Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, the Court grants Plaintiff's IFP application and sua sponte dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

## I. BACKGROUND[1]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, Plaintiff's statement of claim alleges that:

> Every time I go on a visit wether its with my lawyer or my girlfriend officers tell me that its no physical contact visit and its numerous officers on the floor watching and pacing through each ile while also patrolling each visitor with a patrol dog in no regard to whom may or may not be allergic to dogs. Before I'm allowed back to my cell unit officers ask me to step into a room wich is were I'm then told to strip naked and take all my clothes off and hand them to the officer giving directions. I am told when naked to squat and cough and then open my mouth and lift my tongue. Rule #54 in the handbook states you will be subject to frisk or pat searches, strip searches may occur on Admission and will occur after contact visits and I been forced to strip after every visit which is very humiliating and very degrading intrusive body searches. When I try to refuse the officers then threaten to spray with pepper spray and strip me by force if I don't comply which is very excessive breaking Rule #54 Inmates handbook.

(Compl. ¶ II, ECF 1 at 3-4.) As a result, Plaintiff claims to have suffered psychological and unspecified physical injuries for which he to recover a monetary award in the sum of one hundred million dollars. (Id. ¶¶ II.A.-III.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

**B.      Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.  28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,

3

556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a § 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal

4

involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Section 1983 Claims Against the Sheriff

Here, although Plaintiff names the Sheriff as the sole defendant in the caption and in the identification of parties section of the form complaint, he is not again mentioned in the body of the complaint. Thus, affording the pro se complaint a liberal construction, it appears that Plaintiff seeks to impose liability against the Sheriff given the supervisory position he holds. However, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." Tangreti v. Bachmann, 983 F.3d 609, 618, 620 (2d Cir. 2020). Indeed, there are no factual allegations in the complaint concerning any conduct

or inaction by the Sheriff such that the Court could reasonably construe a plausible Section 1983 claim against him.

Further, although brought pursuant to § 1983, Plaintiff alleges a violation "Rule #54 of the Inmate Handbook." (See ECF 1 at ¶ II.) As is readily apparent, such allegation, even if true, does not rise to a constitutional deprivation and thus does not present a plausible Section 1983 claim. And, even affording the pro se complaint a liberal construction, the sparse allegations do not set forth a cognizable constitutional deprivation for the reasons that follow.

"Strip searches do not violate the Fourth Amendment if they are performed pursuant to policies that are 'reasonably related to legitimate penological interests.'" Lopez v. Phipps, 18-CV-3605, 2019 WL 2504097, at *4 (E.D.N.Y. June 17, 2019) (quoting Florence v. Bd. of Chosen Freeholders of Cty. of Burlington, 566 U.S. 318, 326, (2012)). Indeed, "[a] strip search is unconstitutional under the Fourth Amendment 'if it is unrelated to any legitimate penological goal or if it is designed to intimidate, harass, or punish.'" Taylor v. Fludd, No. 19-CV-5127, 2020 WL 127642, at *3 (E.D.N.Y. Jan. 9, 2020) (citing Holland v. City of N.Y., 197 F. Supp. 3d 529, 542–43 (S.D.N.Y. 2016) (internal quotations and citation omitted)). Here, Plaintiff's sparse allegations do not include any facts sufficient to show that the strip searches at issue were not legitimately related to penological interests or were designed to harass or punish him. Thus, Plaintiff's allegations fall far short of alleging a plausible Section 1983 claim relating to the alleged strip searches. Accordingly, because the complaint fails to state a claim, the complaint is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### D. Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo

6

v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).  Indeed, a pro se plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint."  Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)).  Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile."  Id. (citation omitted).

      Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint.  In an abundance of caution, Plaintiff is granted leave to file an amended complaint in accordance with this Order.  Any amended complaint must be clearly labeled "Amended Complaint", bear the same docket number as this Order, 21-CV-6090(JMA)(ST), and shall be filed within thirty (30) days from the date of this Order.  Plaintiff is cautioned that an amended complaint completely replaces the original.  Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint and shall include factual allegations concerning the challenged conduct or inaction pertaining to each defendant.  If Plaintiff does not now know the identity of an individual he seeks to sue, he may name him or her as "John Doe" or "Jane Doe".  However, Plaintiff must include some descriptive information about any such individuals, including, to the best of his ability, where, when, and how such individual's conduct or inaction pertains to his claim.  If Plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

### III.     CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed in forma pauperis is granted. However, Plaintiff's complaint is dismissed sua sponte in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief.   Plaintiff is granted leave to file an amended complaint in accordance with this Order.   Any amended complaint must be clearly labeled "Amended Complaint," bear the same docket number as this Order, 21-CV-6090(JMA)(ST), and shall be filed within thirty (30) days from the date of this Order.   Plaintiff is cautioned that an amended complaint completely replaces the original. Therefore, Plaintiff must include all claims against any defendants he seeks to pursue in the amended complaint.   If Plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case will be closed.

The Court declines to exercise supplemental jurisdiction over any remaining state law claims alleged in the complaint and therefore, the state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address.

**SO ORDERED.**

Dated:   February 2, 2022
           Central Islip, New York

                                                      /s/ JMA                              
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE